UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **JABBAR STRAWS,** ) | C/A No. 4:06-3220-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| JASON CRAWFORD, LEXINGTON COUNTY ) | |
| SHERIFF'S DEPARTMENT AND JASON ) | |
| SHULER, BATESBURG-LEESVILLE POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

## I. INTRODUCTION

The plaintiff, Jabbar Straws ("plaintiff/Straws"), filed this action under 42 U.S.C. § 1983[1] on November 15, 2006, with a Houston v. Lack delivery date of November 9, 2006, alleging he was illegally searched and seized by law enforcement officers. Defendant Crawford (hereinafter "defendant") filed a notice of motion and motion to dismiss or in the alternative a motion for summary judgment on December 22, 2006. Because the plaintiff is proceeding pro se, he was advised on or about December 29, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

to dismiss/motion for summary judgment could result in dismissal of his complaint. The plaintiff filed a response on January 9, 2007, (document # 11). Defendant filed a reply to the response on January 18, 2007. On February 23, 2007, defendant Crawford filed a supplement to the motion to dismiss or in the alternative, motion for summary judgment. Therefore, the undersigned issued a second *Roseboro* order on February 27, 2007. Plaintiff filed a response in opposition on March 5, 2007.

## II.  DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights were violated when he was illegally searched and seized by law enforcement officers pertaining to an event that occurred on July 18, 2003.

Defendant moves this Court to dismiss plaintiff's claims for failure to state a cause of action upon which relief can be granted. Defendants contend that plaintiff's claims are barred by the applicable statute of limitations because, although plaintiff's alleged injury occurred on July 18, 2003, he did not file the present lawsuit until November 15, 2006.

Plaintiff responded that "the filing fo this particular complaint may excess three years, but the indictment (2006-GS-32-1630); (2006-GS-32-1629); (2006-GS-32-1628); in this case were not true billed until (5-15-06) nearly 34 months later. Plus the case is still undecided in the courts. This case is now in the Fourth Circuit of the U.S. District of Columbia, South

Carolina. The case was *"nolle prose"* by the solicitor on June 12, 2006. Which shows that this case still does not have the sufficient evidence to actually be tried." (Document # 11). Defendants filed a response arguing that the Fourth Circuit has found that a cause of action for illegal search and seizure accrues on the date of the allegedly illegal search and seizure. Cramer v. Crutchfield, 648 F.2d 943 (4th Cir. 1981).

On February 23, 2007, defendant Crawford filed a supplemental motion to dismiss or in the alternative motion for summary judgment on behalf of defendant Crawford. Defendant Crawford asserts that plaintiff was indicted on July 5, 2005, on two counts. The first count of the Indictment states that "On or about July 18, 2003, . . . Jabbar Jomo Straws. . . knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Ruger, Model P89 semi-automatic pistol and 9mm ammunition . . . " (Document #  ). Thus, defendant asserts that plaintiff did plead guilty to the first count of the indictment on August 15, 2006. Furthermore, defendant submits to the Court that plaintiff was sentenced pursuant to his guilty plea on February 20, 2007, before the Honorable Joseph F. Anderson, Jr. in U.S. v. Straws, 3:05-cr-00684-JFA-1, Entry No. 64. Therefore, defendant asserts that the recent sentencing of plaintiff on charges that arose out of the arrest that the plaintiff is complaining effectually bars the plaintiff's claims pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Defendant argues that plaintiff's claims are that the defendant Crawford did allegedly search and seize plaintiff on July 18, 2003. Defendant argues that for this court to award a judgment to plaintiff on those claims, the court would have to find that plaintiff was

illegally searched and seized by defendant Crawford which would imply that plaintiff's conviction and sentences are invalid.

Plaintiff filed a response in opposition stating, "A plea of guilty does not change the fact that both defendants violated the plaintiff's 4th Amendment . . . meaning that the evidence used against the plaintiff was illegal . . . " (Document #21).

### III.  STANDARD OF REVIEW

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon, 467 U.S. at 73, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on the disbelief of a judge of the complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support.

A patently insubstantial complaint may be dismissed, for example, for want of subject-

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, Hagans v. Lavine, 415 U.S. 528, 536-537, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted); Bell v. Hood, 327 U.S. 678, 682-683, 66 S.Ct. 773, 776-76, 90 L.Ed. 939 (1946). The present case is the type of case for which Rule 12(b)(6) was designed because it is clear from the face of the pleadings on file, without the need for reference to anything outside the record before the undersigned, that plaintiff's claim for damages pursuant to 42 U.S.C. § 1983[2] is barred by the applicable statute of limitations.

## IV.  APPLICABLE LAW AND ANALYSIS

It is settled that there is no federal statute of limitations for section 1983 actions. Instead, the analogous state statute governing personal injury actions applies in section 1983 cases. *See* Wilson v. Garcia, 471 U.S. 261 (1985). The statute of limitations for section 1983 causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5);[3]

---

[2] Plaintiff's Complaint seeking damages for allegedly excessive use of force in effecting arrest is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] *See* § 15-3-530, South Carolina Code of Laws:
   For causes of action arising or accruing on or after April 5, 1988, the following provisions will apply:
       . . . .
   Within three years:

(continued...)

*see also* Simmons v. South Carolina State Ports Auth., 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute); Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998)(unpublished) (Table). Under South Carolina statute 15-3-535, "the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617

---

[3](...continued)

    (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;

    (2) an action upon a liability created by statute other than a penalty or forfeiture;

    (3) an action for trespass upon or damage to real property;

    (4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;

    (5) an action for any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

    (6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;

    (7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

    (8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and

    (9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

(1997)(professional malpractice case). However, South Carolina law is also clear that the allegedly injured plaintiff must exercise "reasonable diligence" in the pursuit of any personal injury action. According to the South Carolina Supreme Court,

> "[t]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and *not when advice of counsel is sought or a full-blown theory of recovery developed.*"

Snell v. Columbia Gun Exchange, Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) (emphasis added). Also, it is clear that the question of whether the plaintiff has exercised this "reasonable diligence" is "an objective determination," Wilson v. Shannon, 299 S.C. 512, 386 S.E.2d 257 (Ct.App.1989), and "the fact that the injured *party may not comprehend the full extent of the damage* is immaterial." Dean v. Ruscon Corp., 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996)(property damage case) (citations omitted). Furthermore, according to this Court,

> the focus is upon the *date of discovery of the injury*, not the date of discovery of the wrongdoer: The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on *the date of injury*, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 620 (D. S.C. 1993) (emphasis

7

added).

In order to sue under 42 U.S.C. § 1983 for constitutional violations, plaintiff would have had to bring his section 1983 claim at least by February 14, 2001. The Complaint in this case was "formally" filed in this Court on November 15, 2006, with a Houston v. Lack delivery date of November 9, 2006.[4] As a result, it appears without doubt that plaintiff's complaint was filed outside the applicable statute of limitations and, therefore, fails to state a claim upon which relief may be granted. Compliance with the applicable statute of limitations is a clear requirement for all litigants, whether with counsel or appearing *pro se* as does plaintiff in this case. Such compliance is necessary to the proper functioning of the judicial system and must be enforced by this Court, unless waived by defendants. In this regard, the United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations as follows:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).

In the alternative, it is recommended that this case be dismissed pursuant to Heck v. Humphrey, supra. In the present action, plaintiff was sentenced by the Honorable Joseph F. Anderson, Jr., United States District Court Judge pursuant to plaintiff's guilty plea which

---

[4] In the event that a limitations issue arises in prisoner-filed litigation, the plaintiff has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). Houston v. Lack holds that timeliness issues surrounding prisoner pleadings will be based on the date that the prisoner turned his pleading over to prison authorities for mailing.

8

is a criminal conviction. Therefore, the defendant is entitled to summary dismissal because a right of action has not accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824, 1994 WESTLAW® 276683 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, supra, 512 U.S. at 486-487. *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

As previously discussed, plaintiff is seeking monetary damages attributable to a

conviction or sentence and raising challenges that necessarily would implicate the validity of a plaintiff's conviction or sentence which do not accrue until that conviction or sentence is reversed, expunged, or declared invalid. Heck, supra.

Based on the above, this action should be dismissed for it is barred by the statute of limitations. In the alternative, this action should be dismissed pursuant to the holding in Heck v. Humphrey, supra.

### V.  CONCLUSION

Based on the reasons stated above, it is  RECOMMENDED that defendant's Motion to Dismiss or in the alternative, motion for summary  judgment (Documents #7 ) be GRANTED and this case dismissed.

          Respectfully submitted,

          s/Thomas E. Rogers, III
          Thomas E. Rogers, III
          United States Magistrate Judge

April 9,  2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

10

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So**

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 &

11

n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503
